NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3062
_____

ANGELO RODRIGUEZ,
                                        Appellant

v.

NATIONAL RAILROAD PASSENGER CORPORATION t/b/a AMTRAK,
_____

On Appeal from the United States District Court,
Eastern District of Pennsylvania
(Case No. 2-11-cv-00043)
District Judge: Honorable Jan E. DuBois
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 6, 2013
_____


Before: SLOVITER, FUENTES, and ROTH, Circuit Judges.

(Opinion Filed: July 24, 2013)
_____

OPINION OF THE COURT
_____

FUENTES, Circuit Judge:

    Angelo Rodriguez alleges that National Railroad Passenger Corporation t/b/a

Amtrak ("Amtrak"), discriminated against him in violation of Title VII of the Civil

Rights Act of 1964 and the Pennsylvania Human Relations Act ("PHRA") for failing to

promote him to a District Manager position. Amtrak filed a motion for summary judgment, which the District Court for the Eastern District of Pennsylvania granted, finding that Rodriguez failed to make out a prima facie case of racial discrimination under Title VII and the PHRA. Rodriguez now appeals. We will affirm the judgment of the District Court.[1]

## I.

Because we write primarily for the parties, we set forth only those facts that are relevant to our conclusion. Rodriguez is a Hispanic male who has worked for Amtrak for thirty-four years, holding various positions as a ticket and reservations clerk, material handler and lead baggage clerk. In May 2009, Rodriguez applied for the position of Harrisburg District Manager. Applicants were required to have, among other qualifications, station operation experience, the ability to effectively communicate with customers and organizations, and demonstrated experience in a supervisory/leadership position. The job posting also stated that it was highly desirable for an applicant to have experience in mechanical operations. Rodriguez failed to possess all of the required qualifications for the position. After considering Rodriguez's application and conferring with a colleague, Amtrak's Human Resources Manager concluded that Rodriguez was not qualified for the District Manager position. Four other candidates were selected to interview.

On January 4, 2011, Rodriguez filed a complaint in the Eastern District of Pennsylvania, alleging that Amtrak discriminated against him by failing to promote him

_____

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

to the position of District Manager, and instead interviewing two Caucasian employees who lacked the requisite experience. Rodriguez alleges that this conduct constituted race, color, and national origin discrimination in violation of Title VII and the PHRA. Amtrak filed a motion for summary judgment on March 3, 2012. The District Court found that Rodriguez failed to present any evidence from which a reasonable factfinder could infer that the adverse employment action was motivated by discrimination and, therefore, granted summary judgment for Amtrak.

**II.**

This Court reviews a grant of summary judgment de novo, applying the same standard as the district court. MBIA Ins. Corp. v. Royal Indem. Co., 426 F.3d 204, 209 (3d Cir. 2005). Summary judgment is awarded only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Liberty Mut. Ins. Co. v. Sweeney, 689 F.3d 288, 292 (3d Cir. 2012). All reasonable inferences must be made in favor of the nonmoving party. Sweeney, 689 F.3d at 292.

The district court properly addressed Rodriguez's claim under Title VII and the PHRA using the burden shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this framework, a plaintiff alleging workplace discrimination bears an initial burden of establishing a prima facie case of discrimination. Id. at 802. A plaintiff makes out a prima facie case of discrimination by showing that he/she (1) is a member of a protected class; (2) was qualified for the position; (3) suffered an adverse

3

employment action; and (4) the adverse employment action was made under circumstances that give rise to an inference of unlawful discrimination. Id.

If the plaintiff establishes a prima facie case, the burden shifts to the defendant to provide evidence of a non-discriminatory reason for the adverse employment decision. Id. Once this burden is met, the plaintiff is responsible for demonstrating that the defendant's rationale for the adverse employment decision was a pretext for discrimination. Jones v. Sch. Dist. of Phila., 198 F.3d 403, 412 (3d Cir. 1999).

Rodriguez has failed to make out a prima facie case of discrimination. Amtrak concedes that Rodriguez is a member of a protected class and has suffered an adverse employment decision. We also agree with the District Court that a reasonable juror could conclude that he was qualified for the District Manager position. However, Rodriguez fails to demonstrate that the adverse employment decision was made under circumstances giving rise to an inference of discrimination because he cannot prove Amtrak was motivated by discrimination. See Fuentes v. Perskie, 32 F.3d 759, 765 (3d Cir. 1994) (holding that the inquiry is whether discrimination motivated the employer).

A plaintiff's subjective belief that race played a role in an employment decision is not sufficient to establish an inference of discrimination. However, discrimination may be inferred by showing that the employer treated a similarly situated employee outside of the plaintiff's class more favorably. Jones, 198 F.3d at 410-11.

Rodriguez asserts that he can show an inference of discrimination because Amtrak hired a lesser qualified candidate, or at most one that was similarly qualified. However,

4

the record reveals that Amtrak hired someone who was more qualified. Without proof that a similarly qualified candidate was treated more favorably, Rodriguez is left only with his subjective belief that race played a role in Amtrak's decision not to promote him. He presents no discriminatory statements by Amtrak or evidence of discriminatory motivations to support his allegations. Therefore, Rodriguez has failed to establish a prima facie case of discrimination. Consequently, we conclude that the District Court did not err in granting summary judgment for Amtrak. Even assuming Rodriguez had established a prima facie case of discrimination, Amtrak has offered legitimate, non-discriminatory reasons for denying his promotion, such as his failure to properly fill out his application and his weaker qualifications when compared to other candidates.

**III.**

For the foregoing reasons, we will affirm the judgment of the District Court.